# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER NOELKER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:17-cv-800-GCS |
| BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Jennifer Noelker filed suit in July 2017 alleging that employees of Defendant Board of Trustees of Southern Illinois University ("SIU") engaged in a practice of discrimination against her on the basis of her age during all of her interactions with the SIU School of Nursing's Nurse Anesthetist Program. On December 14, 2017, Magistrate Judge Stephen C. Williams entered a scheduling order setting a discovery deadline of August 8, 2018. (Docs., 18, 20). The scheduling order included deadlines for expert discovery. Plaintiff's experts were to be disclosed on or before April 1, 2018, and they were to be deposed on May 15, 2018. (Doc. 20-1).

Since the entry of the scheduling order, the discovery deadline and/or the dispositive motion deadline has been extended at least five times, and the discovery deadline currently is set for December 9, 2019. (*See* Doc. 42, 57, 70, 85, 89). Dispositive motions are due January 6, 2020, and trial is set to commence on June 16, 2020. Before the

Court is a motion by Defendant seeking to strike Plaintiff's designation of Dr. Mariea Snell as an expert witness as untimely, as Dr. Snell was not mentioned or disclosed before October 2019.

Defendant points out that none of the requests to amend the discovery deadlines in this action specifically requested an extension of the expert discovery deadlines. In October 2019, Plaintiff first informed Defendant that she planned to designate Snell as an expert. Plaintiff indicates that the need for Dr. Snell's testimony did not arise until she had the chance to depose certain witnesses and review documents disclosed in discovery, events that had not occurred before April 2018. Plaintiff also explains that Dr. Snell's report will be provided after the deposition transcripts of two other witnesses, scheduled for November 2019, are available. Plaintiff also intended to seek an extension of time to submit the expert report after the Court addressed the motion to compel, but she did not so move before Defendant filed its motion to strike.

While it is true that the parties never requested an extension of the expert discovery schedule in their requests to amend the original scheduling order, it is unreasonable to assume that the original April 2018 deadline stands firm and that Plaintiff cannot disclose an expert more than six months before trial. Even the Federal Rules of Civil Procedure are not so strict, as, in the absence of a court order to the contrary, expert disclosures need not be made until 90 days before trial. FED. R. CIV. P. 26(a)(2)(D)(i). In a perfect world, either the parties would have contemplated specifically extending expert discovery in one of their several motions to amend the scheduling order or Plaintiff would have sought leave to disclose Dr. Snell in October, recognizing the lack

of clarity in the orders extending discovery. Neither happened. But given that trial is over six months away, that discovery has not closed, and that no dispositive motions are on file, it cannot be said that the disclosure of Dr. Snell at this juncture will unfairly prejudice Defendant.

Rather than striking the disclosure and directing Plaintiff to seek leave, which the undersigned would grant, the Court *sua sponte* amends the discovery order in this action. Plaintiff's expert disclosures shall be made on or before December 9, 2019, and Plaintiff's expert shall be deposed on or before January 13, 2020. Defendant may disclose expert witnesses, as well, and must do so on or before December 30, 2019. Defendant's experts, if any, shall be deposed on or before February 3, 2020. The discovery deadline is extended through February 7, 2020. Dispositive motions shall be filed by February 28, 2020. The parties may amend or modify the expert discovery schedule by agreement, but the Court will not extend the discovery cut-off or the dispositive motion deadline again, absent extraordinary circumstances.

As a final note, it is clear that there is discord among the parties and that discovery matters grow increasingly contentious in this litigation. The parties are strongly encouraged to work together to resolve discovery issues in a reasonable and fair manner whenever possible. When intervention from the Court is sought, however, it is the undersigned's strong preference that the parties adhere to arguing the law and keep their expressions of their feelings about the other side's actions to a minimum, as the Court cannot and does not decide matters based on the feelings of one side or the other. It is distracting, at best, and does not help the Court sort through these important matters.

For all these reasons, Defendant's motion to strike Plaintiff's expert disclosure of Mariea Snell (Doc. 93) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 21, 2019.

_____
GILBERT C. SISON
United States Magistrate Judge